**PAULSON v. SHEARER et al.**

No. 3456–A.

First Division, Juneau.

Dec. 18, 1933.

R. E. Robertson, of Juneau, for plaintiff.

H. L. Faulkner, of Juneau, for defendants.

ALEXANDER, District Judge.

This matter is before the court on the separate motions of B. F. Shearer and B. F. Shearer Company and Lawrence H. Kubley to transfer this cause to Ketchikan for trial, which motions are opposed by plaintiff.

Voluminous affidavits have been filed by all of the parties in support of their respective positions for and against the granting of the motion.

The question raised involves the interpretation of Rule No. 1 of this court. The pertinent part of that rule reads as follows: "That all actions, suits and proceedings, civil and criminal, originating in District A, shall be brought, and shall be triable in Juneau; and all actions, suits and proceedings originating in District B shall be brought and shall be triable in Ketchikan; except as above provided. Provided, that nothing in this rule shall be held to limit the power of the court to change the place of trial of any such action, suit or proceeding under the provisions of Section 365 Compiled Laws of Alaska, 1913."

The question involved apparently turns on what is meant by the word "originating" as used in the above rule, and section 365, Compiled Laws of Alaska 1913 (48 U.S. C.A. § 103), is referred to. This section does not throw much light on the controversy. The law fixing the venue of cases provides, in substance, that the cause of action shall be commenced in the district or subdivision where the defendant resides or may be found. No one will seriously contend that any rule of court can be made that conflicts with the law itself. In other words, in reading and interpreting the court rule, it must be interpreted in the light of the law and to conform to the law, if it is to have any force and effect whatever, and the presumption is that the rule was made to follow the law. Therefore, in construing the word "originating," we must look to the law for what

was probably meant by that term. "Originate," in its ordinary definition, means to commence, and "originating" means commencing. Turning then to the law, we find that such action should commence where the defendant lives or may be found, with the exceptions pointed out in the statute. Here one of the defendants is a resident of Seattle (outside of the district), another a Washington corporation, with headquarters in Seattle (also outside of the district), and the third defendant, Kubley, resides in Ketchikan.

Furthermore, the whole contemplation of the law is that actions shall be commenced where the defendant lives, and should be tried at the place most convenient and economical to the defendant. This is based upon the general rule that the defendant is the unwilling party to the litigation and has been drawn into court, generally, against his will. In this respect section 365 (48 U.S.C.A. § 103), does throw some light on this question. It is there provided that "The court, on its own motion, when, considering available means of travel, it appears that the defendant will be put to unnecessary expense and inconvenience if summoned to defend in the place or division in which the action has been commenced; * * * the place of trial shall be changed at the cost of the plaintiff, and such costs shall not be recovered from the defendant."

Therefore, reading Rule 1 of this court in the light of the law and the apparent contemplation of the law, we hold that "originating" as used in that rule contemplates and means that all actions, suits, and proceedings shall be triable in the district where they should be commenced under our venue laws, and, as I think that this action should have been properly commenced in the Ketchikan district, the defendants' motion to have the place of trial changed to Ketchikan will be allowed, and it is so ordered.